UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
RACHEL LOPEZ, on behalf of herself and others similarly        Civil Action No.:
situated,

                                        Plaintiff,             **CLASS AND COLLECTIVE
                                                              ACTION COMPLAINT**

                        -against-

THE E.L.M PIE BAR INC. D/B/A AMERICANO PIE BAR,               **JURY TRIAL REQUESTED**
LORENZO BRANCHINELLI, MAXWELL BRANCHINELLI
and ROSANNA CONTI,

                                        Defendants.
--------------------------------------------------------------------------X

      Plaintiff, Rachel Lopez ("Plaintiff"), on behalf of herself and others similarly situated, by

his attorneys, Law Offices of Yale Pollack, P.C., as and for her Complaint against Defendants, The

E.L.M Pie Bar Inc. d/b/a Americano Pie Bar, Lorenzo Branchinelli, Maxwell Branchinelli and

Rosanna Conti (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff worked as a bartender for Defendants from November 2017 until her

termination on July 21, 2018.  During her employment, Plaintiff was paid below minimum wage

and in tips from what she received at the bar.  Plaintiff was also to receive tips from patrons of

Defendants' restaurant, which were never shared with her or other bartenders.  While a bartender,

Plaintiff was sexually harassed by Defendants, which was a common practice at the restaurant.

When she complained about same, Plaintiff was terminated.

      2.    Plaintiff brings this action, on behalf of herself and other current and former

employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended,

29 U.S.C. §§201 *et seq.* (the "FLSA").  Plaintiff seeks, for herself and other similarly situated

employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other

appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

3.    Plaintiff also brings this action, on behalf of herself and other similarly situated employees, to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2.  Plaintiff seeks, for herself and all other similarly situated employees, unpaid wages, statutory damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

4.    Plaintiff also brings this action, individually, for gender discrimination, sexual harassment and retaliation based on her termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and New York State Human Rights Law, N.Y. Exec. Law §290 *et seq.* (the "NYSHRL") for which she seeks compensatory damages, interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b), 42 U.S.C. §2000e and 28 U.S.C. §1331.

6.    Jurisdiction of this Court over Plaintiff's NYLL and NYSHRL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL and NYSHRL claims are so related to Plaintiff's FLSA and Title VII claims as to form the same case or controversy under Article III of the United States Constitution.

7.    Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants are within

2

the Eastern District.

8.    On or about December 6, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging sex discrimination and retaliation.

9.    On or about June 11, 2019, the EEOC issued Plaintiff a Notice of Right to Sue letter.

## PARTIES

10.    Plaintiff is an individual who resides in the County of Suffolk, State of New York.

11.    At all times herein mentioned, Plaintiff was employed by Defendants, where she worked as a bartender from November 2017 until July 2018.

12.    Upon information and belief, Defendant The E.L.M Pie Bar Inc. d/b/a Americano Pie Bar ("Americano") is a domestic corporation authorized to do business in the State of New York, County of Suffolk, with its principal place of business located at 517 Main Street, Islip, New York 11751.

13.    Upon information and belief, Defendant Lorenzo Branchinelli ("Lorenzo") is an owner and/or officer of Americano.

14.    Upon information and belief, Defendant Maxwell Branchinelli ("Maxwell") is an owner and/or officer of Americano.

15.    Upon information and belief, Defendant Rosanna Conti ("Conti") is an owner and/or officer of Americano.

16.    At all relevant time mentioned herein, Lorenzo, Maxwell and Conti referred to herein as the "Individual Defendants") had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class

Members (as defined herein).

17.     The Individual Defendants had authority to, and did in fact, exercise operational control over Americano.

18.     The Individual Defendants set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the Class Members were to be paid while employed by Americano.

19.     The Individual Defendants also participated and/or condoned the gender discrimination and sexual harassment of Plaintiff, as more fully set forth herein.

20.     At all times relevant, Defendants were covered by the FLSA, Title VII, the NYLL and the NYSHRL.

21.     Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

22.     At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

23.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

24.     At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

25.    Plaintiff worked for Defendants from November 2017 through July 2018.

**A.    Class Allegations**

26.    During her employment, Plaintiff generally worked each week on Fridays from 4:00pm until the restaurant closed (generally between 12:00pm to 2:00am).

27.    When requested by Defendants, Plaintiff would also work Saturdays, generally from 2:30pm until 10:00pm (but sometimes until closing).

28.    As a bartender, Plaintiff was supposed to share in the cash and credit card tips she received at the bar with other bartenders.

29.    Although Plaintiff received the cash tips that she shared with the other bartenders, she did not receive all the credit card tips that were left by patrons of the restaurant at Americano.

30.    The credit card tips were listed as a separate line item on the pay stubs provided to Plaintiff.

31.    However, the credit card tips left by patrons for a particular shift were not accounted for in the pay Plaintiff received.

32.    As well, Plaintiff was supposed to receive tips from the dining area of Americano for her preparation of drinks to patrons of the restaurant.

33.    At no time during her employment was Plaintiff provided with any indication as to the bartenders' allocation from the tip pool in the dining area

34.    Plaintiff never received her earned tips from the wait staff.

35.    Defendants never provided Plaintiff with a notice advising her of how she was going to be paid.

36.    Yet, Defendants took a tip credit against Plaintiff's wages.

37.     Defendants failed to provide notice  to Plaintiff or other employees regarding  their rights under  the FLSA or the NYLL.

38.     On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

**B.     Individual Allegations**

39.     Plaintiff was subjected to a hostile work environment at Americano, culminating in her termination after she complained about same.

40.     During her employment, Plaintiff had to constantly endure inappropriate comments by Maxwell when he became inebriated at work, which was almost every shift Plaintiff worked.

41.     Maxwell would even go behind the bar to dance with female bartenders and put his face between their breasts.

42.     At no time was Plaintiff ever provided a policy or handbook concerning how she was to handle discrimination or harassment at the workplace if she felt she was the victim of same.

43.     On July 21, 2018, Maxwell came into the restaurant heavily intoxicated.

44.     Maxwell was going back and forth from behind the bar to the counter to make himself drinks.

45.     As it was interfering with her work, Plaintiff repeatedly asked Maxwell to stop being loud and disruptive.

46.     However, Maxwell would keep purposefully bumping into Plaintiff, which prompted her to complain to Lorenzo and the manager, Tara, about him being "handsy."

47.     Maxwell's actions persisted.

48.     The final straw came when Max went behind the bar and grabbed Plaintiff's

6

buttocks with both of his hands.

49.     Lorenzo witnessed this and immediately came out from behind the kitchen to tell Maxwell that he was going home.

50.     In fact, Lorenzo acknowledged that Maxwell's conduct was "sexual harassment" in his own words.

51.     Lorenzo drove Maxwell home after the incident.

52.     Although Plaintiff did nothing wrong, she was taken off the schedule the following week.

53.     In other words, because Maxwell groped Plaintiff and she complained about it, Defendants thought it would be better off terminating her employment rather than have her remain at the restaurant.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and others similarly situated, which shall include:

> All persons who work or worked for Defendants in tipped positions from three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

55.     At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked.

56.     Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.

Certifying this action as a collective action under the FLSA will provide other tipped employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

57.    Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

58.    Plaintiff brings Counts Two, Three, and Four as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members") consisting of:

> All persons who work or worked for Defendants in tipped positions from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter (the "Class Period").

59.    The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class Period. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members. The claims of Plaintiff are typical of the claims of the Class Members.

60.    Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs

may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

61.     There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including whether Defendants failed to pay Plaintiff and Class Members minimum wages for all hours worked.

## COUNT ONE
### (Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

62.     Plaintiffs, on behalf of herself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all allegations in all preceding paragraphs.

63.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

64.     Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs at least the applicable minimum wage rates for all hours worked.

65.     Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

66.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

67.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

68.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

69.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

70.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### COUNT TWO
**(Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

71.     Plaintiff, on behalf of herself and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

72.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

73.     At all times relevant, Plaintiff and Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

74.     At all times relevant, Plaintiff and the Class Members have been covered by the NYLL.

75.     Defendants have failed to pay Plaintiff and the Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

76.     Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the Class Members the full minimum wage at a rate of (a) $7.25 per hour for all hours worked from

10

July 24, 2009 through the December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 to December 30, 2015; (d) $9.00 per hour for all hours worked from December 31, 2015 to December 30, 2016; (e) $10.00 per hour for all hours worked from December 31, 2016 to December 30, 2017; (f) $11.00 per hour for all hours worked from December 31, 2017 to December 30, 2018; and (g) $12.00 per hour from December 31, 2018 to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

77.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT THREE
### (Wage Notice Violations– NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

79.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

80.     Defendants failed to furnish Plaintiff and the Class Members with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

81.    Due to Defendants' violations of NYLL §195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

82.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

**COUNT FOUR**
**(Wage Statement Violations– NYLL, Brought by Plaintiff on**
**Behalf of Herself and the Class Members)**

83.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

84.    Defendants failed to furnish Plaintiff and the Class Members with a statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the

number of regular and overtime hours worked.

85.     Due to Defendants' violations of NYLL §195(3), Plaintiffs and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

### COUNT FIVE
### (Discrimination Based on Gender in Violation of Title VII)

86.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

87.     Americano violated Title VII when it terminated Plaintiff's employment because of her gender.

88.     Americano acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

89.     As a result of Americano's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

### COUNT SIX
### (Hostile Work Environment in Violation of Title VII)

90.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

91.     As set forth herein, Americano fostered a working environment that was permeated with discriminatory intimidation, ridicule and insult against female employees.

92.     Plaintiff was subjected to such conduct, which was severe or pervasive, and altered the conditions of her work environment.

93.     The hostile conduct was engaged in by Americano's supervisors and managers who

had authority over Plaintiff, thereby making Americano liable for the wrongful conduct.

94.    As a result of Americano's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

**COUNT SEVEN**
**(Retaliation in Violation of the Title VII)**

95.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

96.    Plaintiff participated in protected activities under the Title VII by, among other things, complaining of continued harassment in the workplace.

97.    After lodging her complaints in accordance with Americano's Handbook, Plaintiff was terminated.

98.    Americano acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

99.    As a result of Americano's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

**COUNT EIGHT**
**(Discrimination Based on Gender in Violation of the NYSHRL)**

100.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

101.    Americano violated the NYSHRL when it terminated Plaintiff's employment because of her gender.

102.    Americano acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

103.    As a result of Americano's unlawful acts, Plaintiff has suffered and continues to

suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

**COUNT NINE**
**(Hostile Work Environment in Violation of NYSHRL)**

104.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

105.    As set forth herein, Americano fostered a working environment that was permeated with discriminatory intimidation, ridicule and insult against female employees.

106.    Plaintiff was subjected to such conduct, which was severe or pervasive, and altered the conditions of her work environment.

107.    The hostile conduct was engaged in by Americano's supervisors and managers who had authority over Plaintiff, thereby making Americano liable for the wrongful conduct.

108.    As a result of Americano's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

**COUNT TEN**
**(Retaliation in Violation of the NYSHRL)**

109.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

110.    Plaintiff participated in protected activities under the Title VII by, among other things, complaining of continued harassment in the workplace.

111.    After lodging her complaints to Defendants, she was terminated.

112.    Americano acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

113.    As a result of Americano's unlawful acts, Plaintiff has suffered and continues to suffer damages, including past wages and benefits, past and future physical and emotional distress,

and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## COUNT ELEVEN
### (Aiding and Abetting Gender Discrimination in Violation of the NYSHRL)

114.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

115.    As a result of the aforementioned actions, the Individual Defendants discriminated against Plaintiff on account of her gender with respect to the terms, conditions and privileges of her employment in violation of the NYSHRL.

116.    The Individual Defendants violated the NYSHRL by aiding, abetting, inciting and coercing the unlawful discrimination set forth in this Complaint.

117.    The Individual Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

118.    As a result of the Individual Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, including past and future lost wages and benefits, past and future physical and emotional distress, and other damages including the attorneys' fees and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.    Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

16

C.      Awarding Plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages under the FLSA and/or the NYLL, including minimum wages, overtime wages and spread-of-hours;

D.      Awarding Plaintiff, similarly situated co-workers and putative class members liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

E.      Awarding Plaintiff compensatory damages, lost wages, emotional distress damages, liquidated damages, interest, attorneys' fees and costs for her gender discrimination, sexual harassment and retaliation claim under the Title VII and the NYSHRL;

E.      Awarding pre- and post-judgment interest as permitted under the law;

F.      Awarding the costs of this action together with reasonable attorneys' fees; and

G.      Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: July 8, 2019
      Syosset, New York

Respectfully submitted,
**LAW OFFICES OF YALE POLLACK, P.C.**

By: */s/ Yale Pollack*              
      Yale Pollack, Esq.
*Attorneys for Plaintiff, the FLSA Collective Plaintiffs*
*    and the Class Members*
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340 Phone
(516) 634-6341 Fax
ypollack@yalepollacklaw.com