JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

November 10, 2020

**VIA ECF**

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Lopez v. The E.L.M. Pie Bar et al.
       Case No. 19-CV-3928-LDH-JO

Dear Judge DeArcy Hall:

  Together with the Law Offices of Yale Pollack, P.C. ("YP"), we represent the Named and Opt-In Plaintiffs (collectively, "Plaintiffs") in the above-referenced case. The parties have reached a settlement, and their executed Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") settlement agreement is annexed hereto as Exhibit 1. We submit this letter to respectfully request that the Court approve the settlement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and so-order the parties' stipulation of dismissal of FLSA and NYLL claims, which is Exhibit A to the settlement agreement.

  With respect to the FLSA and NYLL, Plaintiffs alleged that Defendants (1) violated 29 U.S.C. § 203(m) and N.Y. Lab. L. § 196-d by retaining a portion of their tips; (2) violated 29 U.S.C. § 203(m) and N.Y. Lab. L. § 196-d by requiring Plaintiffs to share tips with managers; (3) were not entitled to pay Plaintiffs pursuant to a tip credit because they failed to give adequate notice of the tip credit; and (4) failed to provide Plaintiffs with the wage notices and wage statements required under N.Y. Lab. L. § 195. The Named Plaintiff also alleged claims under Title VII and the New York State Human Rights Law ("NYSHRL"). The parties have settled all claims in this case. However, as only the FLSA settlement is subject to Court approval under *Cheeks*, the parties have executed one settlement agreement for the settlement of the FLSA and NYLL claims and a separate settlement agreement for the Named Plaintiff's remaining claims. *E.g., Aly v. Dr. Pepper Snapple Group, Inc.*, No. 18 CV 4230, 2019 U.S. Dist. LEXIS 100256, at *1 n.2 (E.D.N.Y. June 13, 2019) ("Courts routinely approve bifurcated settlements in which the parties' FLSA claim undergoes court review for approval while their non-FLSA claims are resolved in a separate

1

agreement."), *adopted by* 2019 U.S. Dist. LEXIS 124974 (E.D.N.Y. July 26, 2019). The parties will separately file a stipulation of dismissal of the Title VII and NYSHRL claims.

Under *Cheeks*, a court must determine whether an FLSA settlement is fair and reasonable. Relevant factors include:

> (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faces by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). In light of the purpose of the FLSA, a court may also consider

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id*. at 336 (internal quotation marks omitted). Under the *Wolinsky* factors, the parties' settlement is fair and reasonable and should be approved.

As set forth in the settlement agreement, the parties have agreed to settle the FLSA and NYLL claims for the nine Plaintiffs for $105,000. This is an excellent settlement amount in light of Plaintiffs' damages and the risks of the case. Plaintiffs' maximum damages under the FLSA and NYLL – including compensatory damages, liquidated damages, and penalties – total $86,854.89. Thus, the settlement amount significantly exceeds Plaintiffs' maximum damages. In addition, out of the total damages, $12,602.45 are compensatory damages for the unpaid tip credit and alleged misappropriated tips, and the remaining $74,252.44 are liquidated damages and penalties. Thus, even after deducting attorneys' fees and costs, each Plaintiff will receive substantially more than his or her maximum compensatory damages.[1] Accordingly, the settlement amount is plainly reasonable.

Moreover, Plaintiffs faced risks in establishing liability. There are factual and legal disputes regarding Plaintiffs' claim that Defendants failed to provide the wage statements required under N.Y. Lab. L. § 195(3), a claim that is valued at $40,250, or nearly half of the total FLSA and NYLL damages. The parties dispute the frequency with which Defendants provided wage statements and the contents of the wage statements provided. As a legal matter, the parties also dispute whether the listing of multiple tip credits on a wage statement, as opposed to stating the actual tip credit taken, satisfies N.Y. Lab. L. § 195(3)'s requirement that wage statements list all

---

[1] The amount of each Plaintiff's settlement share that is designated for W-2 reporting is 100% of his or her maximum compensatory damages.

allowances taken as part of the minimum wage. To counsel's knowledge, this issue has not been previously litigated, which adds to Plaintiffs' risk. In addition, Defendants contend that they made complete and timely payment of all wages due to Plaintiffs and are therefore entitled to the affirmative defense to Plaintiffs' N.Y. Lab. L. § 195(1), (3) claims set forth in N.Y. Lab. L. § 198.[2] There are also factual and legal disputes concerning Plaintiffs' tip misappropriation claims. The parties dispute the job duties of one of the individuals Plaintiffs contend was ineligible to receive tips. In addition, while the record shows that Defendants kept a portion of Plaintiffs' tips, largely but not exclusively as a result of rounding, Defendants contend that the amount retained is *de minimis* and therefore does not violate the FLSA and NYLL. Thus, Plaintiffs faced significant risks in establishing their claims

The settlement was the result of arm's length negotiations. The parties attended a settlement conference with Magistrate Judge Orenstein on August 28, 2020, which quickly reached an impasse. Settlement discussions did not resume until after Plaintiffs filed their summary judgment pre-motion papers and served Defendants with a class certification motion. The ensuing negotiations were conducted by experienced counsel after substantial discovery and were free of fraud or collusion.

The settlement is also fair and reasonable in light of the purposes of the FLSA. While there may be other employees situated similarly to the Plaintiffs, the settlement does not affect their rights in any way; they are free to bring their own claims against Defendants. Moreover, the settlement is not confidential, and it does not contain a non-disparagement clause. Thus, Plaintiffs may, if they wish, discuss their FLSA claims with similarly situated employees.[3]

In light of the excellent recovery that this settlement provides Plaintiffs, there are no policy reasons that warrant rejecting the settlement, and the settlement should be approved as fair and reasonable.

The settlement also provides for reasonable attorneys' fees and costs to Plaintiffs' counsel. Under the settlement agreement, Plaintiffs' counsel will receive a total of $37,969.14: one-third of the settlement amount, or $35,000, as attorneys' fees, and $2,969.14 as reimbursement of costs.[4] In determining whether a fee is reasonable, a court considers "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public

---

[2] The maximum value of Plaintiffs' N.Y. Lab. L. § 195(1) claims is $21,400.

[3] The settlement agreement for the Named Plaintiff's Title VII and NYSHRL claims does contain a non-disparagement clause, but it contains the following carve-out: "Nothing herein shall prevent Plaintiff from making truthful statements regarding the Wage Claims in the Action or any party from divulging information to any agency of the federal, state or local government or court or from making truthful statements pursuant to subpoena, court order, or as otherwise required by law." This type of carve-out is routinely approved in FLSA settlements, as it leaves Plaintiff free to discuss her FLSA claims if she so wishes. *E.g.*, *Lao v. Chung Chou City, LLC*, No. 16 CV 9193, 2018 U.S. Dist. LEXIS 79662, at *5 (S.D.N.Y. May 10, 2018).

[4] Plaintiffs' counsel seeks reimbursement of the following costs: $400 filing fee, $99.99 for mailing and delivery expenses, and $2,469.15 for deposition expenses. True and correct copies of the receipts and invoices supporting these expenses are attached hereto as Exhibit 2.

policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotation omitted; alteration in original).

Plaintiffs' counsel's time and labor warrant the requested fee. Plaintiffs' counsel (1) met with Plaintiffs to learn relevant facts; (2) regularly communicated with Plaintiffs to keep them updated regarding the progress of the case; (3) prepared and produced discovery responses for each Plaintiff; (4) reviewed thousands of pages of documents produced by Defendants; (5) prevailed on a discovery dispute presented to the Court; (6) took four depositions and defended one deposition; (7) prepared a damage calculation; (8) drafted and filed a Local Civil Rule 56.1 statement with supporting declarations and exhibits and a summary judgment pre-motion letter; (9) drafted and served a class certification motion; (10) negotiated the settlement; and (11) drafted settlement papers. In total, Plaintiffs' counsel spent 253.2 hours on this action, as set forth in the contemporaneous time records attached hereto as Exhibits 3 (Joseph & Kirschenbaum LLP ("JK") time records) and 4 (YP time records), resulting in a lodestar of $101,280, which is more than two and a half times the requested fee.[5]

As set forth *supra*, Plaintiffs faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiffs' counsel took this case pursuant to retainer agreements with the Named Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiffs obtained a recovery. Accordingly, Plaintiffs' counsel faced a risk of receiving little or no payment for their work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Plaintiffs' counsel have extensive experience representing employees in wage and hour actions. JK and YP are both law firms that deal almost exclusively with employee rights. I received my J.D. from New York University School of Law in 2008 and joined JK in 2009. I was an associate at the firm until February 8, 2017, when I became a partner. The majority of my docket involves individual and class/collective wage and hour actions. At a *Cheeks* fairness hearing earlier this year, Circuit Judge Richard J. Sullivan noted that JK is "very highly regarded" in the wage and hour field and commended my advocacy. *See* Ex. 5 (excerpt from the transcript of the September 4, 2020 fairness hearing in *Orlando v. Liberty Ashes, Inc.*, No. 15 Civ. 9434 (RJS) (S.D.N.Y.)). Yale Pollack received his J.D. from Touro College Jacob D. Fuchsberg Law Center in 2006. Prior to forming YP in 2015, Mr. Pollack worked at two firms on Long Island, where his focus was on employment law. Plaintiffs' counsel used their experience to obtain an excellent result for the Plaintiffs. Thus, the quality of representation weighs in favor of approving the requested fee.

The requested fee is reasonable in relation to the settlement. The settlement agreement provides for a fee of $35,000, or one-third of the total settlement amount. The proposed fee was consensual and agreed to by all Plaintiffs. The $35,000 fee is less than the fee authorized under

---

[5] The only biller identified in JK's time records is the undersigned ("DAS"), and the only biller identified in YP's time records is Yale Pollack. My billable rate as a partner has been approved at $400 per hour, and we have applied that rate to Mr. Pollack and myself. *See*, *e.g.*, *Murphy v. Lajaunie*, No. 13 CV 6503, 2018 U.S. Dist. LEXIS 221462, at *36 (S.D.N.Y. Feb. 2, 2018), *approved by* 2019 U.S. Dist. LEXIS 25357 (S.D.N.Y. Feb. 15, 2019) (Sullivan, J.). The backgrounds and experience of Mr. Pollack and myself are set forth *infra*.

the Named Plaintiff's contingency fee retainer agreement. Under the retainer agreement, Plaintiffs' counsel is entitled to request a fee equal to 35% of the after-costs recovery, or $35,710.80 ($105,000 - $2,969.14 = $102,030.86 * .35 = $35,710.80.) *See Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). All Plaintiffs signed the settlement agreement, which provides for the $35,000 fee. Moreover, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Martinez v. Consulate Gen. of Algeria in N.Y.*, No. 16 Civ. 2390, 2016 U.S. Dist. LEXIS 157999, at *8-9 (S.D.N.Y. Nov. 15, 2016); *see also, e.g.*, *Geskina v. Admore Air Conditioning Corp.*, No. 16 Civ. 3096, 2017 U.S. Dist. LEXIS 67583, at *8-9 (S.D.N.Y. May 3, 2017); *Ramirez v. Greenside Corp.*, No. 16 CV 726, 2017 U.S. Dist. LEXIS 30527, at *9-10 (S.D.N.Y. Mar. 3, 2017); *Maldonado v. Srour*, No. 13 Civ. 5856, 2016 U.S. Dist. LEXIS 139881, at *3 (E.D.N.Y. Oct. 6, 2016); *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 U.S. Dist. LEXIS 84631, at *3-4 (S.D.N.Y. June 29, 2016).

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. § 202(a). A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

For the foregoing reasons, we respectfully request that the Court approve the parties' FLSA and NYLL settlement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All Counsel (via ECF)